**Fill in this information to identify the case:**

Debtor 1 Kurtis Holland

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court **Northern District of Illinois**

Case number: **18–21853**

FILED
U.S. Bankruptcy Court
Northern District of Illinois

9/13/2018

Jeffrey P. Allsteadt, Clerk

# Official Form 410
## Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Carvana, LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Carvana, LLC

Name

PO Box 29018
Phoenix, AZ 85038

Contact phone  800–856–3608

Contact email  ritchie.pierce@Bridgecrest.com

**Where should payments to the creditor be sent?** (if different)

Name _____

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                Proof of Claim                page 1

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | 9601 |
| 7. **How much is the claim?** | $ 23632.31 | **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Auto Loan | |
| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☑ Motor vehicle<br>☑ Other. Describe: 2017 Kia Sorento<br><br>**Basis for perfection:**<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $<br>**Amount of the claim that is secured:** $ 23632.31<br>**Amount of the claim that is unsecured:** $ 00.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $<br><br>**Annual Interest Rate** (when case was filed) 20.75 %<br>☑ Fixed<br>☐ Variable | |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ | |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: | |

Official Form 410        Proof of Claim        page 2

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ |
| | | * Amounts are subject to adjustment on 4/1/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  9/13/2018
MM / DD / YYYY

/s/ Ritchie Pierce
Signature

Print the name of the person who is completing and signing this claim:

Name: Ritchie Pierce
First name   Middle name   Last name

Title: Bankruptcy Specialist

Company: Carvana, LLC
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: PO Box 29018
Number   Street
Phoenix, AZ 85038
City   State   ZIP Code

Contact phone: 800–856–3608    Email: ritchie.pierce@Bridgecrest.com

| Fill in this information to identify the case: |
|---|
| Debtor 1    Kurtis Holland |
| Debtor 2 _____ <br> (Spouse, if filing) |
| United States Bankruptcy Court for the: Northern District of Illinois |
| Case number   18-21853 |

Official Form 410

# Proof of Claim      04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Carvana LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Carvana LLC
Name
PO Box 29018
Number  Street
Phoenix    AZ    85038
City  State  ZIP Code

Contact phone 800-856-3608
Contact email DL-CollectionsBankruptcyTeam@drivetime.com

Where should payments to the creditor be sent? (if different)
_____
Name
_____
Number  Street
_____
City  State  ZIP Code

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/____
                                                                 MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __9__ __6__ __0__ __1__ |
|---|---|---|

| 7. | How much is the claim? | $_____23,632.31. **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Auto Loan |
|---|---|---|

| 9. | Is all or part of the claim secured? | ☐ No<br>☑ Yes.  The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☑ Motor vehicle<br>☑ Other. Describe:  2017 KIA SORENTO AWD V6<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**              $_____<br>**Amount of the claim that is secured:**     $_____23,632.31<br><br>**Amount of the claim that is unsecured:** $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $_____<br><br>**Annual Interest Rate** (when case was filed) __20.75__ %<br>☑ Fixed<br>☐ Variable |
|---|---|---|

| 10. | Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____ |
|---|---|---|

| 11. | Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |
|---|---|---|

Official Form 410                    Proof of Claim                    page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/12/2018
                   MM / DD / YYYY


/s/ Axie Smith McDaniel
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Axie | Smith | McDaniel |
|---|---|---|---|
| | First name | Middle name | Last name |

Title   Bankruptcy Specialist

Company   Bridgecrest Credit Company, LLC
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   PO Box 29018
          Number     Street

          Phoenix                              AZ           85038
          City                                 State        ZIP Code

Contact phone   800-856-3608          Email   DL-CollectionsBankruptcyTeam@drivetime.com

Official Form 410                 Proof of Claim                                page 3

# PROOF OF CLAIM CALCULATIONS

## AS OF 08/02/2018

Principal: $23,578.69
Interest: $53.62
Pre-Petition Late fees: $
Pre-Petition Attorney Fees and Court Costs: $
Repossession Charges: $
TOTAL $23,632.31
* Interest, fees and charges continue to accrue per the Note terms.

# CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 5XYPGDA56HG322496 | 2017 | KIA | SORENTO | UTILITY | 18240691492 |

5XYPGDA56HG322496

| DATE ISSUED | ODOMETER | CCM | MOBILE HOME SQ. FT. | PURCHASED | TYPE TITLE |
|---|---|---|---|---|---|
| 08/28/18 | 20165 | | | 07/30/18 USED | ORIGINAL |

20165

**MAILING ADDRESS**

CARVANA LLC
PO BOX 29002
PHOENIX AZ 85038-9002

LEGEND(S)

ACTUAL MILEAGE

**OWNER(S) NAME AND ADDRESS**

KURTIS HOLLAND
701 E 152ND ST
DOLTON IL 60419

**FIRST LIENHOLDER NAME AND ADDRESS**

CARVANA LLC
PO BOX 29002
PHOENIX AZ 85038-9002

**SECOND LIENHOLDER NAME AND ADDRESS**

**RELEASE OF LIEN**
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

Firm Name ___ By ___ Signature of Authorized Agent ___ Date ___
Firm Name ___ By ___ Signature of Authorized Agent ___ Date ___

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State.
Secured Party: ___  Address: ___

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

**ASSIGNMENT OF TITLE**
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:
I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
    WARNING—ODOMETER DISCREPANCY.

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

▶ NO TENTHS
ODOMETER READING
Signature(s) of Seller(s) ___
Printed Name(s) of Seller(s) ___   DATE OF SALE ___
I am aware of the above odometer certification made by seller.
Signature(s) of Buyer(s) ___ Printed Name ___

I Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any
IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO. R0071083

*Jesse White*
JESSE WHITE, Secretary of State

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**

---

MUST BE COMPLETED BY SELLER

**DO NOT DETACH UNTIL SOLD**
**NOTICE OF SALE**

SEE INSTRUCTIONS ON REVERSE

| KIA | 2017 | 5XYPGDA56HG322496 | |
|---|---|---|---|
| Vehicle Make | Vehicle Year | Vehicle Identification Number (VIN) | Date |

Name of Seller (Current Registered Owner) ___  Name of Buyer ___

Complete Address of Seller ___  Complete Address of Buyer ___

City ___ State ___ ZIP ___  City ___ State ___ ZIP ___

Under penalties of perjury, I hereby certify that the foregoing is true and correct under the laws of the United States.

Seller's Signature ___  Printed Name of Seller ___  Date ___

THIS IS A COPY
A certified copy of the Authoritative Copy held by the designated custodian

COPY VIEW

IL-102 7/1/2017

# RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | |
|---|---|---|---|
| CARVANA, LLC | Kurtis Holland | No. | |
| 63 PIERCE RD | 701 E 152nd St | Date | 07/30/18 |
| WINDER GA 30680-7280 | Dolton IL 60419 | | |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate The cost of your credit as a yearly rate. | Finance Charge The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid when you have made all scheduled payments. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1,200.00 |
|---|---|---|---|---|
| 20.75 % | $ 17,716.31 | $ 23,578.69 | $ 41,295.00 | $ 42,495.00 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 71 | $ 576.00 | monthly beginning 08/28/18 |
| 1 | $ 399.00 | 07/28/24 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the payment due on installments in excess of $200.00 or $10.00 on installments of $200.00 or less.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2017 | Kia | Sorento | SUV | 5XYPGDA56HG322496 | 20165 |

☐ New
☒ Used
☐ Demo

Other: N/A

### FOR USED VEHICLES ONLY

Illinois law requires that this vehicle will be free of a defect in a power train component for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the first page of this agreement. "Power train component" means the engine block, head, all internal engine parts, oil pan and gaskets, water pump, intake manifold, transmission, and all internal transmission parts, torque converter, drive shaft, universal joints, rear axle and all rear axle internal parts, and rear wheel bearings. You (the consumer) will have to pay up to $100 for each of the first 2 repairs if the warranty is violated.

**ATTENTION CONSUMER: SIGN HERE ONLY IF THE SELLER HAS TOLD YOU THAT THIS VEHICLE HAS THE FOLLOWING PROBLEM OR PROBLEMS AND YOU AGREE TO BUY THE VEHICLE ON THOSE TERMS:**

**ATENCIÓN CONSUMIDOR: FIRME AQUÍ SOLAMENTE SI EL VENDEDOR LE HA DICHO QUE EL VEHÍCULO TIENE EL/LOS SIGUIENTE(S) PROBLEMA(S) Y USTED ESTÁ DE ACUERDO EN COMPRAR EL VEHÍCULO SEGÚN ESTOS TÉRMINOS:**

1. _____N/A_____   2. _____N/A_____   3. _____N/A_____

X _____N/A_____   X _____N/A_____   X _____N/A_____
Buyer Signs        (Date)   Buyer Signs        (Date)   Buyer Signs        (Date)

THIS IS A COPY
This is a copy. The official Authoritative Copy held by the designated custodian
COPY VIEW

## Description of Trade-In

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ __23,578.69__ plus finance charges accruing on the unpaid balance at the rate of __20.75__ % per year from the date of this Contract until maturity. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at __20.75__ % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Additional Charge.** You agree to pay an additional charge of $ __N/A__ that will be ☐ paid in cash. ☐ financed over the term of the Contract.

**DOCUMENTARY FEE.** ☐ You agree to pay a documentary fee of $ __N/A__ .
**DOCUMENTARY FEE.** A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 2008, WAS $150.00. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $150.00 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: __N/A__ __N/A__ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

[This area intentionally left blank.]

## Itemization of Amount Financed

| | | | |
|---|---|---|---|
| a. | Price of Vehicle, etc. (incl. sales tax of $ __1,526.69__ ) | $ | 22,326.69 |
| b. | Service Contract, paid to: __Carvana__ | $ | 1,900.00 |
| c. | **Cash Price** (a+b) | $ | 24,226.69 |
| d. | Trade-in allowance | $ | 0.00 |
| e. | Less: Amount owing, paid to (includes m): __N/A__ | $ | 0.00 |
| f. | Net trade-in (d–e; if negative, enter $0 here and enter the amount on line m) | $ | 0.00 |
| g. | Cash payment | $ | 1,200.00 |
| h. | Manufacturer's rebate | $ | 0.00 |
| i. | Deferred down payment | $ | 0.00 |
| j. | Other down payment (describe) __N/A__ | $ | 0.00 |
| k. | **Down Payment** (f+g+h+i+j) | $ | 1,200.00 |
| l. | **Unpaid balance of Cash Price** (c–k) | $ | 23,026.69 |
| m. | Financed trade-in balance (see line f) | $ | 0.00 |
| n. | Paid to public officials, including filing fees | $ | 253.00 |
| o. | Insurance premiums paid to insurance company(ies) | $ | 0.00 |
| p. | **Optional ERT Fee Paid to** __N/A__ | $ | 0.00 |
| q. | To: __Transit Charge__ | $ | 299.00 |
| r. | To: __N/A__ | $ | N/A |
| s. | To: __N/A__ | $ | N/A |
| t. | To: __N/A__ | $ | N/A |
| u. | To: __N/A__ | $ | N/A |
| v. | To: __N/A__ | $ | N/A |
| w. | To: __N/A__ | $ | N/A |
| x. | To: __N/A__ | $ | N/A |
| y. | To: __N/A__ | $ | N/A |
| z. | **Total Other Charges/Amts Paid** (m thru y) | $ | 552.00 |
| aa. | **Prepaid Finance Charge** | $ | 0.00 |
| bb. | **Amount Financed** (l+z–aa) | $ | 23,578.69 |

We may retain or receive a portion of any amounts paid to others.

[This area intentionally left blank.]

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**

☐ Single   ☐ Joint   ☐ None

Premium $ _____N/A_____   Term _____N/A_____

Insured _____N/A_____

**Credit Disability**

☐ Single   ☐ Joint   ☐ None

Premium $ _____N/A_____   Term _____N/A_____

Insured _____N/A_____

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _____N/A_____   Date _____N/A_____

By: _____N/A_____   Date _____N/A_____

By: _____N/A_____   Date _____N/A_____

**Property Insurance.** You must insure the Property. **You may purchase or provide the insurance through any insurance company reasonably acceptable to us.** The collision coverage deductible may not exceed $ __1,000__ . If you get insurance from or through us you will pay $ __N/A__ for __N/A__ of coverage.

This premium is calculated as follows:

☐ $ __N/A__ Deductible, Collision Cov.   $ __N/A__
☐ $ __N/A__ Deductible, Comprehensive   $ __N/A__
☐ Fire-Theft and Combined Additional Cov.   $ __N/A__
☐ __N/A__   $ __N/A__

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**

[This area intentionally left blank.]

## Additional Protections

**You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.**

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ **Service Contract**

Term _____60 months_____
Price $ _____1,900.00_____
Coverage _____Carvana Vehicle Protection_____

☐ **Gap Waiver or Gap Coverage**

Term _____72 months_____
Price $ _____N/A_____
Coverage _____N/A_____

☐ _____N/A_____

Term _____N/A_____
Price $ _____N/A_____
Coverage _____N/A_____

By: Kurtis Holland   Date: 07/30/18

By: _____N/A_____   Date _____N/A_____

By: _____N/A_____   Date _____N/A_____

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. You also agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $25.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Illinois and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.

If you default, you agree to pay our fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees incurred in the collection or enforcement of the Contract. If a judgment is entered against you, you will pay any court costs the court awards us.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Right to Reinstate.** If you have paid an amount equal to 30% or more of the Total of Payments or Total Sale Price at the time of repossession, you may, within 21 days, reinstate this Contract and redeem (get back) the Property from us by tendering in a lump sum (a) the total of all unpaid amounts, including any unpaid delinquency or deferral charges due at the time of reinstatement, without acceleration; (b) performance necessary to cure any default other than nonpayment of the amounts due; and (c) all reasonable costs and fees incurred by us in retaking, holding, and preparing the Property for disposition and in arranging for the sale of the Property. Tender of payment and performance pursuant to this limited right of reinstatement restores to you your rights under this Contract as though no default had occurred. However, you have the right to reinstate this Contract and recover the Property from us only once on this Contract.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract, subject to any right to reinstate that you may exercise as described in the *Right to Reinstate* section. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the Vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTIES SELLER DISCLAIMS**

**If the vehicle you purchased is a new vehicle, unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose.**

**If the vehicle you purchased is a used vehicle, unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no express warranties on the vehicle, and there will be no implied warranties of fitness for a particular purpose. The vehicle is subject to an implied warranty of merchantability, but only to the extent required by Illinois law. The implied warranty of merchantability expires at midnight of the 15th calendar day after delivery of the vehicle or until the vehicle is driven 500 miles after delivery, whichever is earlier. This implied warranty of merchantability does not extend to damage that occurs after the sale that results from: (1) off-road use; (2) racing; (3) towing; (4) abuse; (5) misuse; (6) neglect; (7) failure to perform regular maintenance; and (8) failure to maintain adequate oil, coolant, and other required fluids or lubricants.**

The above provisions do not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Used Car Buyers Guide**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

### Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

DocuSign Envelope ID: 037C314753E8-4D15-A24E-15559AC9671
Case 18-21853   Claim 7-1 Part 2   Filed 09/15/18   Desc Attachment 1   Page 16 of 14
10/04/18   Entered 10/04/18 13:36:21   Page 15 Exhibit
A   Page 13 of 14
THIS IS A COPY
This copy age not the Authoritative Copy held
by the designated custodian

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

Unless you provide us with evidence of the insurance coverage required by your agreement with us, we may purchase insurance at your expense to protect our interests in your collateral. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the collateral. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required by our agreement. If we purchase insurance for the collateral, you will be responsible for the costs of that insurance, including interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

**Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM.** 1. IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE, OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, ON YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT LOAN EARLY.

2. IN CASE OF EARLY COMPLETE PAYMENT OF YOUR LOAN, YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR LOAN, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.

*[This area intentionally left blank.]*

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

N/A                                                    N/A
By:                                                     Date
Signature of Third Party Owner (NOT the Buyer)

**NO PUBLIC LIABILITY INSURANCE ISSUED WITH THIS TRANSACTION**

*[This area intentionally left blank.]*

## Acknowledgment for Electronic Signatures

[X] **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: _Kurtis Holland_ (signature)    Date: 07/30/18

By: N/A    Date: N/A

By: N/A    Date: N/A

**CO-BUYER.** A co-buyer is a person who agrees to be primarily responsible for paying the entire debt and who (1) actually receives the Vehicle or (2) is a parent or spouse of the Buyer or (3) will be listed as an owner on the Vehicle's title. By signing below, you confirm that you will actually receive possession of the Vehicle or will use it or that you are a parent or spouse of the Buyer or that you will be listed as an owner on the Vehicle's title, you agree to be primarily obligated under this Contract and you consent to the Seller having a security interest in the Vehicle.

[This area intentionally left blank.]

**NOTICE TO THE BUYER.** 1. Do not sign this agreement before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the agreement you sign. 3. Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**RETAIL INSTALLMENT CONTRACT**

Buyer

By: _Kurtis Holland_ (signature)    Date: 07/30/18

By: N/A    Date: N/A

By: N/A    Date: N/A

Seller

By: CARVANA, LLC (signature)    Date: 07/30/18

**Guarantor.** A guarantor is a person who may be responsible for paying the entire debt if we cannot collect the amount owed from the buyer or any co-buyer.
Guarantor Signature:

N/A    N/A
        Date

Address:

I hereby guarantee the collection of the above described amount upon failure of the seller named herein to collect said amount from the buyer named herein. I also consent to the creditor having a security interest in the Vehicle.

**Assignment.** This Contract and Security Agreement is assigned to
N/A
_____ ,
the Assignee, phone ____N/A____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
[ ] This Assignment is made with recourse.

Seller

By: N/A    Date: